■ REPUBLIC MORTGAGE INVESTORS, Respondent, v KABIN REALTY CORP. et al., Defendants, and CALCAGNI CONSTRUCTION CO., INC., Appellant.—In a mortgage foreclosure proceeding, defendant Calcagni Construction Co., Inc. appeals from so much of a judgment of the Supreme Court, Westchester County, dated February 11, 1975, as, after a nonjury trial, dismissed its counterclaim. Judgment affirmed insofar as appealed from, with costs. On the trial the appellant failed to establish any cause of action against the plaintiff; its counterclaim was therefore properly dismissed. Hopkins, Acting P. J., Margett, Damiani, Christ and Hawkins, JJ., concur.

■ PHYLLIS SAWYER, as Administratrix of the Estate of DOUGLAS R. SAWYER, JR., Deceased, Respondent, v OTIS G. PIKE et al., Appellants.—In an action to recover damages for legal malpractice, defendants appeal from an order of the Supreme Court, Suffolk County, entered November 20, 1975, which granted plaintiff's motion to strike the affirmative defenses of the Statute of Limitations. Order affirmed, with $50 costs and disbursements. There was no showing that there are any issues of fact to be determined at a trial (see *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395), or that there was a mistake as to the law applicable to the Statute of Limitations in legal malpractice cases (see *Gilbert Props. v Millstein,* 40 AD2d 100, affd 33 NY2d 857). Martuscello, Acting P. J., Latham, Damiani and Titone, JJ., concur.

■ MAX SCHOOLSKY, Appellant, v IRVING DALVIN et al., Respondents.— In an action on a series of promissory notes, plaintiff appeals from so much of an order of the Supreme Court, Nassau County, dated August 1, 1975, as denied his motion pursuant to CPLR 3213 for summary judgment in lieu of complaint. Order affirmed insofar as appealed from, with $50 costs and disbursements. Plaintiff's time to serve his complaint is extended until 20 days after entry of the order to be made hereon. In our opinion the answering papers raised sufficient questions of fact as to whether plaintiff had induced consummation of the sale through misrepresentations concerning certain inventory and an outstanding claim, to warrant a trial of the action (cf. *Millerton Agway Coop. v Briarcliff Farms,* 17 NY2d 57). Martuscello, Acting P. J., Latham, Cohalan, Damiani and Titone, JJ., concur.

■ DORIS G. SCHULMAN, as Executrix of N. JEROME SCHULMAN, Deceased, Appellant, v SELIG B. NEUBARDT et al., Respondents.—In an action to recover moneys due under a partnership agreement and for an accounting, plaintiff appeals from an order of the Supreme Court, Westchester County, dated June 24, 1975, which, *inter alia,* denied her motion to vacate defendants' second demand for a bill of particulars. Order modified, by adding to the first decretal paragraph thereof, immediately after the word "denied", the following: "except that items 1, 2, 6, 7, 8, 9 and 10 are deleted from the second demand for a bill of particulars." As so modified, order affirmed, without costs or disbursements. The time within which plaintiff is to serve the bill of particulars is extended until 20 days after entry of the order to be made hereon. The deleted items requested documents of public record, matters which were not referred to in the pleadings and an item which defendants could discover without further information from plaintiff. Martuscello, Acting P. J., Latham, Cohalan, Damiani and Titone, JJ., concur.